[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Lucia Jean Reynolds, Executrix of the Estate of Mary Noble Wells, appeals from the assessment of damages set by the defendant, J. William Burns, Commissioner of Transportation (State) resulting from the taking by eminent domain of a portion of the land of the plaintiff estate.
The plaintiff's real estate, the subject of these proceedings, abuts state Route 44. The defendant state condemned a portion of the plaintiff's real estate in connection with the widening or improving of Route 44. The land taken by CT Page 3011 the defendant is approximately 0.513 of an acre, and the taking date is April 28, 1989. On this date the State deposited with the clerk of the Superior Court for the Judicial District of Litchfield the sum of Twenty Thousand ($20,000.00) Dollars for the use of the plaintiff. This sum was the assessed damages determined by the defendant to be due to the plaintiff resulting from the taking of the above-mentioned land. The court finds that the plaintiff is sufficiently aggrieved by the assessment of damages made by the defendant to have standing to bring this action.
The plaintiff claims, inter alia, that in assessing damages the defendant failed to consider adequately the damages resulting to the remaining land caused by bringing the highway closer to the house with the resulting increase in traffic noise adversely affecting the value of the property for residential purposes. Further, the plaintiff charges that the portion of land taken had trees and shrubs which screened from view the highway traffic and helped reduce the noise level. That by bringing the highway from 9 feet to 100 feet closer to the house and removing the buffer of trees and shrubs, the desirability of the remaining land was substantially reduced as rural residential property and consequently its value was reduced.
The plaintiff also contends that the rear portion of the land borders on the Housatonic River. That the value of the property as a rural residence was greatly enhanced because of the river frontage for sport and recreational purposes. That the taking by the defendant included 104 feet of river frontage. This further reduced the value of the remaining land.
Because of the taking of the .513 acre of highway frontage and the increased proximity of the highway and its traffic to the house; and, because of the removal of the screen of trees and shrubs with the adverse affect, both visually and audially, on the house for residential purposes; and, because of the taking of river frontage which further adversely affects the desirability of the premises for sport and recreational purposes, the plaintiff values the damages at $40,000.00 for both the portion of land taken and the adverse affect on the value of the remaining land.
The defendant rebuts the plaintiff's arguments regarding the valuation of the plaintiff's premises by presenting evidence through its appraiser, Arthur P. Oles.
Arthur Oles appraised the fair market value of the plaintiff's property before the taking by the defendant at $130,000.00, and in the sum of $110,000.00 after the taking. CT Page 3012 With the before and after taking value reduced by $20,000.00 as the amount of the damages.
The $130,000.00 valuation was arrived at by Oles through a comparison of other sales in the area. Oles testified that the valuation of the portion taken including shrubs and trees amounted to $17,000.00; and, that the remaining parcel suffered resulting damages of $3,000.00, with the combined total damages of $20,000.00.
Plaintiff's appraiser, Robinson Leech, Jr., testified that the parcel taken by the defendant reduced the value of the total parcel by $20,000.00; further, that the remaining parcel's value was reduced an additional $20,000.00 because of the reduction in desirability of the property for residential purposes. After taking plaintiff's parcel the new construction brought the highway into closer proximity to the house considerably reducing the buffer effect provided previously by the greater distance to the roadway as well as the trees and shrubs growing on the parcel that was taken. Also, the parcel taken included some river frontage which adversely affected the desirability of the remaining parcel.
The court taking into consideration the testimony and other evidence presented at the hearing, as well as its own experience and knowledge, finds that the value of the parcel taken by the defendant amounts to $20,000.00; that the parcel remaining after the taking was adversely affected in the sum of $10,000.00; and, that the total damages resulting to the plaintiff from the taking by the defendant of the parcel hereinbefore mentioned, including both the parcel of land taken as well as the reduced value of the remaining parcel amounts to $30,000.00.
Therefore, judgment is to enter for the plaintiff in the sum of $30,000.00 plus costs, including reasonable appraiser's fees of $500.00, reduced by the sum deposited by the defendant on April 28, 1989, with the clerk of the Superior Court for the Judicial District of Litchfield for the benefit of the plaintiff.
JULIUS J. KREMSKI STATE TRIAL REFEREE